1  ANN H. McGLENON (CAL BAR # 100433)
   McGLENON LAW OFFICE
2  2401 44th Ave. Unit 6
   San Francisco CA 94116
3  (415) 680-7946
   annvmcg@gmail.com
4
   Attorney for Clemente Garcia Barraza
5
                    UNITED STATES DISTRICT COURT
6
                  NORTHERN DISTRICT OF CALIFORNIA
7
                          OAKLAND DIVISION
8

9  UNITED STATES OF AMERICA,              )   NO. 4:21CR0325 YGR
                                          )
10            Plaintiff,                   )   **AMENDED SENTENCING OBJECTIONS AND**
                                          )   **MEMORANDUM**
11    v.                                   )
                                          )   October 5, 2023
12  CLEMENTE GARCIA BARRAZA,              )   2;00 p.m.
                                          )   The Hon. Yvonne Gonzalez Rogers
13            Defendant.                   )
                                          )
14  _____)

15  **FACTS:**

16       In September, 2019, agents were listening on a wiretap and heard references to "Viejo", Spanish

17  for "Old Man".  Mr. Barraza was pulled over, searched and questioned in English.  He was told that he

18  was not being arrested.  He was not arrested. He spoke to the police, and admitted possession of drugs in

19  the car. Two years later, he was arrested early in the morning on his way to work, and brought to court,

20  Mirandized and questioned in Spanish, with an interpreter.  He confessed to the same police about the

21  same possession, and counsel was appointed. He pled not guilty and was ordered released without

22  having to pay a monetary bond. He was placed on supervision with Pretrial Services.  He never violated,

23  and consistently tested clean.

24

25       After review of the initially massive case, the AUSA offer was for probation, if Barraza

26  qualified.  On February 16, 2023, Clemente Garcia Barraza appeared before this court with counsel and

27  an interpreter in the Spanish language and entered his guilty plea to Count 4 of the Indictment pursuant

28

SENTENCING MEMO
4:21CR0325 YGR

to a written plea agreement which had been translated to him by a certified interpreter. Mr. Barraza was already safety valve eligible at the time of the plea.  The purpose of the safety valve is to permit low-level mules with little to no information to avoid long sentences and to receive results that higher-ups obtain. He meets the criteria set forth in the guidelines:

1) He has no more than one criminal history point (USSG §5G1.2(a)(1);

2) There is no violence or credible threats of violence, including weapons; (USSG §5G1.2(a)(2);

3) No death or serious injury (USSG §5G1.2(a)(3);

4) Not organizer, leader or supervisor, no CCE (USSG §5G1.2(a)(4);

5) Barraza truthfully provided information (USSG §5G1.2(a)(5);

Since these charges were filed, and Mr. Barraza entered his plea of guilty, AG Merrick Garland issued a memorandum on December 16,2022, regarding mandatory minimum sentences. This case is not charged as a mandatory minimum in the first place.  Mr. Barraza is eligible for safety valve, and, under the Garland criteria, should be given probation or supervised release as recommended by the AUSA. The Garland Memo specifically states that if the person meets the stated criteria, is a "mule", this court should provide a variance to probation or supervised release with credit for time served.

**FAMILY, WORK AND COMMUNITY TIES:**

Mr. Barraza has lived in Santa Clara County for approximately thirty years.  He and his wife have raised their two daughters, Beatriz and Karely to become educated, productive members of society. This case was delayed to sentencing in October to accommodate Karely's wedding, which took place in August.  As the PSR states, Clemente Barraza and his wife have also helped to raise other family members, including a nephew (PSR 42).  Mr. Barraza's family has been instrumental in affirming his sobriety.  (PSR 38).  He works full-time as a landscaper, and, as the PSR states, he has a modest net income of $3,977.50 a month and a net savings of $600.   He and his wife, who works in a factory, have raised their two daughters, Beatriz and Karely to become educated, productive members of their community, working for a dental clinic and a law firm, respectively.

SENTENCING MEMO
4:21CR0325 YGR

1    Mr. Barraza has had continuous sobriety, though without CAP and ATIP. He is hard-working,

2    helpful, he cooks for family gatherings and has enjoyed his sobriety and freedom from drug use.  From

3    the very first day, Mr. Barraza believed he would not be arrested, because the officers told him that, in

4    English.  They did not record that interview, though they did make notes.  The officers seized the drugs

5    from his car, and he showed them where he kept them.  A variance will prevent a grave injustice, and

6    permit Mr. Barraza to continue to support his family.  His involvement in this case was to support his

7    drug use.  He will  not get into trouble again.

8    **CUSTODY WILL DISRUPT WORK AND FAMILY:**

9    This court is permitted, by statute and case law, to provide a variance to the recommended

10   sentence in the Guidelines.  The court is no longer bound by the Guidelines, which are advisory.  *United*

11   *States v. Booker*, 543 U.S. 220 (2005). The factors to be considered are set forth in 18 USC §3553. In

12   *Gall v. United States*, 552 U.S. 38 (2007), the court affirmed a downward variance to probation.  The

13   court should do the same here. This would permit Mr. Barraza and his family to remain securely

14   ensconced in the community.

15

16   **OBJECTIONS:**

17   **PARAGRAPH 35:**   Zazueta is his mother's maiden name.

18   **PARAGRAPH 58:** There is no mandatory minimum, therefore, this court may sentence Mr. Barraza to

19   probation, or, in the alternative, to time served and Supervised Release.  After his plea, the Attorney

20   General released a memo stating that mandatory minimum sentences in such cases should be avoided.

21   Mr. Barraza qualified for Safety Valve before he was even arrested. On the day of his arrest, he

22   discussed what had taken place already.  That discussion was recorded.

23   **PARAGRAPHS 61 & 62:**  The statute, 21 USC 841(b)(1)(C), does not preclude probation.  It precludes

24   probation for a mandatory minimum, which is neither charged nor otherwise considered.  21 USC

25   841(b)(1)(C).[1]

26

27   _____

     [1] Notwithstanding any other provision of law, the court shall not place on probation or suspend

28   the sentence of any person sentenced under the provisions of this subparagraph which provide for a
     mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced
     be eligible for parole during the term of such a sentence. 21USC§841(b)(1)(C)

**CONCLUSION:**

Probation is appropriate, but if it is not, Credit for Time Served is appropriate with one year Supervised Release.  Mr. Barraza has been being supervised by pretrial services, but he is ineligible for continued participation in programs.  He has been here for thirty years.  He has worked, and with the help of pre-trial services, he no longer has a drug problem, which was the reason for this violation.

DATED:        September 22, 2023                    */s/Ann McGlenon*_____
                                                    ANN McGLENON
                                                    Counsel for Defendant
                                                    CLEMENTE GARCIA BARRAZA

SENTENCING MEMO
4:21CR0325 YGR